UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAL MAXIM ATCHLEY,

    Applicant,

v.                                                                                    CASE NO. 8:24-cv-304-SDM-CPT

C. HARRISON, Warden FCI-Memphis,
  *et al.,*

    Respondent.
_____/

**<u>ORDER</u>**

    Atchley applies for what he characterizes as a "common law" writ of habeas corpus, that is, a writ under neither 28 U.S.C. § 2241 nor § 2254. Although his situation is unusual, Atchley fails to show either that venue is proper in this district court or that jurisdiction resides in a federal district court. *See Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994) ("Regardless of whether a plaintiff is represented by a veteran attorney or, as in this civil case, proceeds *pro se*, a court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues.").

    According to his representations, Atchley was indicted in 1992 in the Sixth Judicial Circuit Court for Pinellas County, Florida, and an arrest warrant issued after he failed to appear. Without further explanation, Atchley represents both that after he left Florida he was imprisoned in the State of Alabama for an undisclosed number

of years and that in 2003 he was convicted in a federal court and is scheduled for release in 2026.[1] The charges from the 1992 indictment still pend, but the prosecutor neither filed a detainer with the United States Bureau of Prisons[2] nor actively pursues the pending case, and Atchley's motions filed in the state case are routinely dismissed because the public defender is counsel of record in that case. Atchley seeks to force the State of Florida to proceed with the prosecution.

Atchley correctly does not pursue relief under either Section 2241 or Section 2254. First, because Atchley is not imprisoned within the United States District Court for the Middle District of Florida, venue is improper in this district court under Section 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 n.5 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Diaz v. United States*, 580 F. App'x 716, 717 (11th Cir. 2014) (remanding action under Section 2241 with instructions to transfer the case to the proper district). Second, because Atchley is imprisoned under a federal court judgment and is not "in custody" under a state court judgment, Section 2254(a) bars him from proceeding under Section 2254.

---

[1] Atchley is currently imprisoned in the federal correctional institution in Memphis, Tennessee.

[2] Until a detainer is lodged, Atchley cannot proceed under the Interstate Agreement on Detainer's Act to force the prosecutor to timely pursue the criminal charges.

Also, Atchley fails to show how this district court, which is a court of limited jurisdiction, has the authority to issue a common law writ of habeas corpus subjiciendum. *See, e.g., Resol. Tr. Corp. v. Miramon*, 22 F.3d 1357, 1360 (5th Cir. 1994) ("Federal courts are not common law courts . . . .").

Finally, a federal court cannot order a state court to proceed with a state criminal proceeding. Generally, the "abstention doctrine" bars federal intervention into an ongoing state court proceeding. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The breadth of *Younger's* caution against federal intervention is explained in *Allee v. Medrano*, 416 U.S. 802, 836, 838 (1974):

> To meet the *Younger* test [and warrant federal intervention, an applicant] must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts. . . . A federal court must be cautious, however, and recognize that our criminal justice system works only by according broad discretion to those charged to enforce laws.
>
> . . . .
>
> Unless the injury confronting a state criminal defendant is great, immediate, and irreparable, and constitutes harassment, the prosecution cannot be interfered with under *Younger*. The severity of the standard reflects the extreme reluctance of federal courts to interfere with pending state criminal prosecutions.

*Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings

except in the most extraordinary circumstances."). Atchley presents no compelling reason to intervene into the state court proceedings. If he is convicted and if he unsuccessfully presents a valid federal claim to the state courts, Atchley may apply to this federal court for the writ of habeas corpus under Section 2254.

The application for the writ of habeas corpus (Doc. 1) is **DENIED**. The motions for order to show cause and for service of process (Docs. 2 and 3) are **DENIED AS MOOT**. The clerk must close this case.

ORDERED in Tampa, Florida, on March 4, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE